IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
|   TONY ARNEL MASSENBURG, | | Bankruptcy No. 12-27073-TJC |
|     Debtor | * |  (Chapter 7) |
|        *     *     * | | |
| ROGER SCHLOSSBERG, TRUSTEE | * | |
| 18421 Henson Blvd., Suite 201 | | |
| Hagerstown, MD 21742 | * | |
|     Plaintiff | | |
| | * | |
|     v. | | Adversary No. _____ |
| JOHN DOE | * | |
| Holder(s) of Account xxxx9227 | | |
| at Bank of America, N.A. | * | |
|     Defendants | | |
|        *   *   *   *   * | | |

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT CONVEYANCES**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Roger Schlossberg, Trustee, by and through his undersigned counsel, Schlossberg & Mastro, and in support of his *Complaint to Avoid and Recover Fraudulent Conveyances* (the "*Complaint*"), hereby respectfully represents as follows:

**Jurisdiction, Venue, *Etc*.**

1. The instant bankruptcy case was commenced upon the filing by Tony Arnel Massenburg (the "Debtor") of a *Voluntary Petition* under Chapter 11 of the Bankruptcy Code on September 18, 2012 (the "Petition Date"), and an order for relief thereupon was entered.

2. By *Order Converting Chapter 11 Case to a Case Under Chapter 7* (the "*Conversion Order*") of this Court dated November 13, 2013, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and United States District Court Local Rule 402. Further, the instant adversary proceeding is a "core proceeding" as provided in 28 U.S.C. § 157(b)(2)(A), (H), and (O). Pursuant to the provisions of Local Bankruptcy Rule 7012-1(b), your Plaintiff/Trustee hereby consents to the entry of final orders or judgments by a Judge of this Court.

4. Included among the body of creditors in the administrative bankruptcy case are numerous creditors holding unsecured claims allowable under 11 U.S.C. § 502 or disallowable only under 11 U.S.C. § 502(e); which said creditors are authorized as a matter of law to advance those causes of action detailed in Counts Three through Seven of this *Complaint*.

**Parties**

5. Upon conversion of the instant case from a proceeding under Chapter 11 to a case under Chapter 7, your Plaintiff Roger Schlossberg duly was appointed Chapter 7 Interim Trustee. Following the commencement of that Meeting of Creditors required by 11 U.S.C. § 341 on December 17, 2013 without the request by creditors for the election of a trustee as permitted by 11 U.S.C. § 702(b) and (c), the appointment of your Plaintiff ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

6. The Defendant John Doe is an individual(s) or entity(ies) who is/are (or was/were) the holder(s) of an account at Bank of America, N.A., identified as Account No. ********9227 ("Account 9227"), into which the Debtor made the transfers described below.

7. The identity of John Doe is presently unknown, largely because the Debtor has failed to cooperate with your Plaintiff/Trustee as required by 11 U.S.C. § 521(a)(3)-(4) and Bankruptcy Rule 4002. Notwithstanding those statutory and procedural obligations thereby imposed upon the Debtor, the Debtor has failed to provide various required documentation and information including, *inter alia*, that documentation and information requested by your Plaintiff/Trustee during the conduct of the initial phase of the Meeting of Creditors commenced pursuant to 11 U.S.C. § 341(a) and adjourned herein on December 17, 2013.

8. Your Plaintiff/Trustee expects to learn the identity of John Doe through completion of the Meeting of Creditors and discovery in the administrative case and in this adversary proceeding. Your Plaintiff/Trustee will amend this *Complaint* accordingly upon learning the identity of John Doe.

**Facts Common to All Counts**

9. Between September 18, 2009 and the Petition Date, and within three years before the Petition Date (hereinafter referred to as the "Transfer Period"), the Debtor maintained personal accounts at various financial institutions, including Bank of America, N.A. ("BOA"), Wells Fargo, N.A. ("Wells Fargo"), Branch Banking & Trust ("BB&T"), and SunTrust Bank ("SunTrust").

10. During the Transfer Period, the Debtor routinely transferred funds from his personal accounts at BOA into Account 9227 (collectively the "Transfers"), as detailed in the *Schedule of Transfers* attached hereto and incorporated by reference herein as "**Exhibit 1**."

11. During the Transfer Period, the Debtor transferred his personal funds to the aforesaid John Doe in an aggregate amount of not less than $53,100.00.

### Count One
### Avoidance of Fraudulent Conveyances
### [11 U.S.C. § 548(a)(1)(A)]

12. Your Plaintiff/Trustee hereby incorporates by reference in this Count One all of those allegations set forth above in Paragraphs 1-11, *supra*, as if fully set forth in the body of this Count One.

13. The Debtor made a number of the aforesaid Transfers within two (2) years of the date of the filing of the *Voluntary Petition* herein and the Debtor made such Transfers with actual intent to hinder, delay, or defraud entities or persons to which the Debtor was or became, on or after the date that such Transfers were made, indebted.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court:

1. ORDER, pursuant to 11 U.S.C § 548(a)(1)(A), that the Transfers be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## Count Two
## Avoidance of Fraudulent Conveyances
## [11 U.S.C. § 548(a)(1)(B)]

14. Your Plaintiff/Trustee hereby incorporates by reference in this Count Two all of those allegations set forth above in Paragraphs 1-13, *supra*, as if fully set forth in the body of this Count Two.

15. The aforesaid Transfers were made for a less than reasonably equivalent value in exchange for such Transfers.

16. The Debtor was insolvent on that date that said Transfers were made, or became insolvent as a result of said Transfers.

17. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonable small capital.

18. The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

19. The Debtor made such Transfers to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court:

1. ORDER, pursuant to 11 U.S.C § 548(a)(1)(B), that the Transfers be AVOIDED.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

### Count Three
### Avoidance of Fraudulent Conveyances
### [Md. Comm. Law Code §15-204]

20. Your Plaintiff/Trustee hereby incorporates by reference in this Count Three all of the allegations set forth above in Paragraphs 1 through 19, *supra,* as if fully set forth in the body of this Count Three.

21. The aforesaid Transfers were made without a fair consideration and, at the time said Transfers were made, the Debtor was insolvent or was rendered insolvent by said Transfers.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER pursuant to 11 U.S.C. §544(b) and Maryland Commercial Law Code Annotated §15-204, that the Transfers be AVOIDED.

### Count Four
### Avoidance of Fraudulent Conveyances
### [Md. Comm. Law Code §15-205]

22. Your Plaintiff/Trustee hereby incorporates by reference in this Count Four all of the allegations set forth above in Paragraphs 1 through 21, *supra,* as if fully set forth in the body of this Count Four.

23. The aforesaid Transfers were made without a fair consideration and, at the time of said Transfers, the property remaining in the hands of the Debtor was an unreasonable small capital for a person engaged or about to engage in a business such as that of the Debtor.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER pursuant to 11 U.S.C. §544(b) and Maryland Commercial Law Code Annotated §15-205, that the Transfers be AVOIDED.

### Count Five
### Avoidance of Fraudulent Conveyances
### [Md. Comm. Law Code §15-206]

24. Your Plaintiff/Trustee hereby incorporates by reference in this Count Five all of the allegations set forth above in Paragraphs 1 through 23, *supra*, as if fully set forth in the body of this Count Five.

25. The aforesaid Transfers were made by the Debtor without a fair consideration, and the Debtor made the Transfers with the intent or belief that it would incur debts beyond its ability to pay as the same matured.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER pursuant to 11 U.S.C. §544 (b) and Maryland Commercial Law Code Annotated §15-206, that the Transfers be AVOIDED.

### Count Six
### Avoidance of Fraudulent Conveyance
### [Md. Comm. Law Code §15-207]

26. Your Plaintiff/Trustee hereby incorporates by reference in this Count Six all of the allegations set forth above in Paragraphs 1 through 25, *supra*, as if fully set forth in the body of this Count Six.

27. The aforesaid Transfers were made by the Debtor with the actual intent to hinder, delay or defraud present or future creditors of the Debtor.

WHEREFORE, your Plaintiff/Trustee prays that this Honorable Court ORDER pursuant to 11 U.S.C. §544 (b) and Maryland Commercial Law Code Annotated §15-207, that the Transfers be AVOIDED.

### Count Seven
### Recovery of Avoided Transfer
### [11 U.S.C. § 550(a)(1)]

28. Your Plaintiff/Trustee hereby incorporates by reference in this Count Seven all of the allegations set forth above in Paragraphs 1-27, *supra*, as if fully set forth in the body of this Count Seven.

29. Pursuant to the provisions of 11 U.S.C. § 550(a)(1), your Plaintiff/Trustee is entitled to recover the property transferred, or its value, from John Doe.

WHEREFORE, your Plaintiff/Trustee respectfully prays that this Honorable Court:

1. ORDER that the Plaintiff/Trustee recover the property transferred to John Doe in the aggregate amount of $53,100.00, together with interest accrued thereon calculated from the date of the Transfers through the date of judgment at the legal rate of 6% *per annum*.

2. ORDER that John Doe forthwith turnover to the Plaintiff/Trustee the property transferred to John Doe in the aggregate amount of $53,100.00, together with interest accrued thereon calculated from the date of the Transfers through the date of judgment at the legal rate of 6% *per annum*.

3. ENTER judgment in favor of your Plaintiff/Trustee and against John Doe in the aggregate amount of $53,100.00, together with interest accrued thereon calculated

from the date of the Transfers through the date of judgment at the legal rate of 6% *per annum*.

    4. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

                                        Respectfully submitted,

                                        SCHLOSSBERG & MASTRO

Dated: November 12, 2014           By:   */s/ Roger Schlossberg*
                                        Roger Schlossberg
                                        Frank J. Mastro
                                        18421 Henson Blvd., Suite 201
                                        Hagerstown, MD 21742
                                        (301) 739-8610

                                        Attorneys for Plaintiff/Trustee